```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON

NANCY KINDER,                   )
                                )
     Plaintiff,                 )   Civil Action No. 11-231-JMH
                                )
v.                              )
                                )
FIRST SOUTHERN NATIONAL BANK,   )
                                )
     Defendant.                 )   MEMORANDUM OPINION & ORDER
                                )
```

          **  **  **  **  **

This matter is before the Court upon its own motion, in keeping with Fed. R. Civ. P. 23(c)(1)(A), with respect to Plaintiff's Class Action Allegations as set forth in her Complaint [Compl. ¶¶ 19-30].

**I.   BACKGROUND**

As alleged in her Complaint [DE 1], Plaintiff Nancy Kinder conducted transactions at a single automated teller machine ("ATM") operated by Defendant First Southern National Bank ("First Southern") at 894 Richmond Plaza, Richmond, Kentucky, on May 10, 2011.  She did not, at that time, maintain any accounts with Defendant.  She avers that she was charged a fee of $3.00 in connection that transaction but that no notice of the fee to be imposed for using the ATM was posted "on or at" either ATM.

She argues that the absence of a notice "on or at" this ATM was a violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, which requires any ATM operator who imposes fees on consumers in connection with electronic fund transfers to

provide notice of the fact that the fee is being imposed and the amount of the fee.  15 U.S.C. § 1693b(d)(3)(A).

Section 1693b(d)(3)(B)(ii) and (ii) provide that the notice must be posted "on or at" the machine "in a prominent and conspicuous location . . . at which the electronic fund transfer is initiated by the consumer" and "on the screen of the automated teller machine, or on a papers notice issued from such a machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction." *See also* 12 C.F.R. § 205.16(c)(1) and (2).  If notice is not provided to the consumer as required in 15 U.S.C. § 1693b(d)(3)(A) and described in § 1693b(D)(3)(B), "[n]o fee may be imposed . . . in connection with any electronic fund transfer initiated by a consumer."  Pursuant to 15 U.S.C. § 1693m, she requests statutory damages, costs, and the payment of a reasonable attorney's fee.  *See* 15 U.S.C. § 1693m(a)(1)-(2)(A) (providing for either actual or statutory damages in amounts between $100 and $1,000 available for individual violations); 15 U.S.C. § 1693m(a)(2)(B) (providing for statutory damages of up to $1,000 per class member with a cap of the lesser of $500,000 or one percent of the net worth of defendant in a class action).

In her Complaint, Plaintiff purports to bring a class action on behalf of "herself and all other similarly situated" persons pursuant to Fed. R. Civ. P. 23(b)(3).  She seeks to proceed as the

representative of a class, as follows:

> All persons who: 1) were charged a "terminal owner fee" at an ATM operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry where, 2) no notice indicating that such fee was to be charged was posted on the outside of the ATM machine.

[Compl. ¶ 20.] Effectively, she wishes to represent the interests of all consumers who used any ATM operated by Defendant at any time with respect to any transaction fees charged where the required notice was not posted.

In a Memorandum Opinion and Order dated October 24, 2011, the Court denied a Motion to Certify Class on a strikingly similar request for class certification by Plaintiff Kinder in *Kinder v. Central Bank and Trust Company*. [*See* Lexington Civil Action No. 11-234-JMH, DE 20.] The Court will now require her to show cause why her class allegations should not be dismissed in this matter for the same reasons.

**II.  DISCUSSION**

  **A.  Plaintiff's Motion for Class Certification**

Fed. R. Civ. P. 23(a) provides as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
>> (1) the class is so numerous that joinder of all members is impracticable;
>>
>> (2) there are questions of law or fact common to the class;

3

>   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
>   (4) the representative parties will fairly and adequately protect the interests of the class.

If the threshold criteria of Rule 23(a) are met, the plaintiff must then show that an action may be maintained under Fed. R. Civ. P. 23(b). Kinder requests class certification in this instance under Fed. R. Civ. P. 23(b)(3) which provides for certification where:

>   . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.
>
>   In making this finding, the Court considers:
>
>   (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
>   (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
>   (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
>   (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

This Court will not consider the merits of Kinder's claims in

whether class certification is appropriate, but Kinder bears the burden of establishing each prerequisite in order to obtain certification. *Senter v. Gen. Motors Corp.* 532 F.2d 511, 522 (6th Cir. 1976). Further, the Court is mindful that it "should defer decision on certification pending discovery if the existing record is inadequate for resolving the relevant issues." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996) (holding that certification of class was improper without further inquiry into whether commonality and typicality existed with respect to claims of injury by a number of different of penile implants as averred by named plaintiffs). *See also Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (explaining that "often the pleadings alone will not resolve the question of class certification and... some discovery will be warranted"); *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("In some instances the propriety vel non of class certification can be gleaned from the face of the pleadings," while, at other times, discovery is necessary because "the parties' pleadings alone are . . . not sufficient to establish whether class certification is proper."). In this instance, however, Plaintiff's Complaint provides the Court with sufficient information upon which to base its decision with respect to certification. No amount of discovery will change the fact that Plaintiff does not aver that she ever visited any other ATM operated by Defendant other than the one

located at 894 Richmond Plaza, in Richmond, Kentucky, or that she was charged a fee for any transaction at other ATM operated by Defendant.  No discovery is, therefore, called for before this Court evaluates the issue of class certification.

Plaintiff proposes a class made up of every individual who has used an ATM allegedly operated by First Southern at any time, and who was charged a fee when no notice of such a fee was posted on the outside of the ATM.  Plaintiff has made, however, no averment that she visited any ATMs owned by First Southern, other than the one described in her Complaint, or that any ATM other than the one identified in her Complaint lacked the posted notice on the date that she used it.  Thus, she does not aver a common set of facts with respect to the absence of notice or the assessment of transaction fees at any other ATM operated by Defendant because Plaintiff never used any other ATM operated by First Southern. *See, e.g., Polo v. Goodings Supermarkets, Inc.*, 232 F.R.D. 399, 406 (M.D. Fla. 2004) (concluding that certification of class was inappropriate because fact issues were not common to all proposed members where not all proposed members used same ATM as plaintiff within same time period). *Cf. Hart v. Guardian Credit Union*, 2:10-CV-855, 2011 WL 2434201 (M.D. Ala. June 16, 2011) (certifying class of all persons charged fee for use of two ATMs where plaintiff alleged that he was wrongly charged a fee); *Flores v. Diamond Bank*, No. 07-C-6403, 2008 WL 4861511 (N.D. Ill. Nov. 7,

2008) (certifying class of all persons charged fee for use of one of defendant's ATMs); *Burns v. First Am. Bank*, No. 04-C-7682, 2006 WL 3754820 (N.D. Ill. Dec. 19, 2006) (certifying class defined as all persons using two of defendant's ATMs); *Riviello v. Tobyhanna Army Depot Fed. Credit Union*, 3:11-cv-59, 2011 WL 3439215 (M.D. Pa. Aug. 5, 2011) (denying motion to dismiss class allegations where class was defined as those persons using one of defendant's ATMs). Nor has she alleged that First Southern "systematically failed to post proper disclosures at its various machines or had a policy of doing so," which might support a finding of commonality. *Polo*, 232 F.R.D. at 406 (M.D. Fla. 2004) (citing *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1557 (11th Cir. 1986); *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2011)).

To reach the conclusion that Plaintiff's claim has the requisite commonality with those potential claims of other members of the proposed class, this Court would have to assume what she never purports to have experienced and what is not averred in the complaint – that any other ATMs were operated by Defendant without the required notice posted on or at the machine and that fees were charged to customers who visited those ATMs. Assuming that First Southern operates ATMs other than the one identified in her Complaint, this Court declines to do so.

For the same reason, the Court is not persuaded that Plaintiff can demonstrate that her claim is typical of the experience of the large swathe of customers for which she wishes to serve as a

7

representative. As taught in *Beattie v. CenturyTel, Inc.*, 511 F.3d 554 (6th Cir. 2007):

> "A claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). In *Sprague*, the Court explained that "[t]ypicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." [*Sprague v. Gen. Motors Corp.*,] 133 F.3d [388,] 399 [(6th Cir 1998) (en banc)] (citing In re Am. Med. Sys., Inc., 75 F.3d at 1082). On the other hand, the *Sprague* Court explained, the typicality requirement is not satisfied when a plaintiff can prove his own claim but not "necessarily have proved anybody's else's claim." *Id*. Lastly, for the district court to conclude that the typicality requirement is satisfied, "a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 n. 31 (6th Cir. 1976).

511 F.3d 554, 561 (6th Cir. 2007).

Here, assuming that Plaintiff can prove that she was injured because she was charged a transaction fee in the absence of posted notice at the ATM visited, then she could also prove that anyone else who used that ATM within the same period was injured if those persons were also charged a transaction fee. There would be a common element of fact and law as it relates to the use of that particular ATM. Her claim would not, however, be typical of anyone

8

using any other ATM operated by Defendant.

Much as in *Polo*, the question of whether Defendant complied with the notice requirements of EFTA is not susceptible to class-wide proof as the class is proposed.  If Defendant failed to comply with the EFTA's notice requirement at the ATM visited by Plaintiff on the given date, it would demonstrate nothing with respect to whether Defendant met the notice requirement at any other ATM that it operated on any particular date.  Similarly, a demonstration that Defendant failed to comply with EFTA's notice requirement at another ATM on any given date – other than at the ATM visited by Plaintiff on or about the date that she visited it – would not dispose of the same issue as to Plaintiff.  Answering the common question for Kinder would not determine the issue with respect to other putative class members if the Court certified the class proposed.  This Court is of the opinion that Plaintiff cannot demonstrate commonality and typicality on the facts averred, and the Court is inclined to dismiss her class allegations.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff shall **SHOW CAUSE** within **fourteen (14) days** of entry of this order why her class action allegations shall not be dismissed.

This the 31st day of October, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge